# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10673
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Baltazar Alvarado,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-286-7

————————————————————

Before Haynes, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Baltazar Alvarado, federal prisoner # 39557-177, moves for leave to proceed in forma pauperis (IFP) on appeal of the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The district court determined that neither Alvarado's generalized fear of contracting COVID-19 while incarcerated nor his concerns about his elderly parents presented an

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

extraordinary and compelling reason for a reduced sentence and that even if they did, the applicable 18 U.S.C. § 3553(a) factors did not counsel granting relief. *See generally* § 3582(c)(1)(A)(i); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

By moving to proceed IFP, Alvarado challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We will grant IFP status if Alvarado's appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Alternatively, we may deny the IFP motion and dismiss the appeal if it is frivolous and "the merits are so intertwined with the certification decision as to constitute the same issue." *Baugh*, 117 F.3d at 202 & n.24 (citing 5TH CIR. R. 42.2).

Alvarado posits four arguments for finding reversible error by the district court. We conclude that all four arguments are frivolous. His first two arguments assert error in the district court's initial finding that no extraordinary and compelling reasons justified reducing his sentence. Whether the district court so erred is irrelevant, however, because it ultimately concluded that even if Alvarado had presented extraordinary and compelling reasons, he nonetheless had not shown that the applicable § 3553(a) factors justified a sentence reduction. As such, the court's decision to deny relief did not hinge on whether Alvarado had shown extraordinary and compelling circumstances.

Alvarado's third argument is that the district court improperly relied on hearsay evidence at his original sentencing hearing in determining that the § 3553(a) factors counseled against compassionate release. In substance, however, Alvarado attempts to relitigate the facts underlying his original conviction and sentence, which is beyond the limited scope of a § 3582(c) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

No. 23-10673

Finally, Alvarado contends that the district court erred by denying his motion for compassionate release without giving the Government an opportunity to file a response, which he posits as a violation of due process. He cites no authority, nor are we aware of any, requiring a response from the Government before a compassionate release motion may be denied or forbidding such motions to be considered *ex parte*.

Alvarado's appeal does not involve any legal points arguable on their merits and is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24.